**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: David Anthony Derby,<br>　　　Debtor | Case No. 17-34385-KLP<br>Chapter 13 |
| David Anthony Derby,<br>　　　Plaintiff, | |
| v. | Adv. Pro. No. 18-03097-KLP |
| Portfolio Recovery Associates, LLC,<br>　　　Defendant. | |

## MEMORANDUM OPINION

On August 31, 2017, David Anthony Derby (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Along with the petition, the Debtor filed schedules and a statement of financial affairs. Schedule E/F lists the Debtor's unsecured debts, including a debt owed to Capital One Bank, N.A. ("Capital One") in the amount of $679.00.

After the bankruptcy filing, Capital One sold the debt to the Defendant, Portfolio Recovery Associates, LLC ("PRA" or the "Defendant"). PRA timely filed a proof of claim ("Claim 13-1"), asserting an unsecured claim in the amount of $788.53. PRA stated in an attachment to Claim 13-1 that the claim was comprised entirely of principal.

On April 10, 2018, the Debtor filed an objection to Claim 13-1 (the "Claim Objection"), and on October 1, 2018, the Debtor filed the complaint (the "Complaint") commencing this adversary proceeding. In the Complaint, the Debtor

1

alleged that PRA, in filing Claim 13-1, failed to comply with Rule 3001 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 3001 ("Rule 3001"). The Debtor also asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"). In addition, the Debtor sought class certification and to be appointed class representative on behalf of similarly situated debtors in the Eastern District of Virginia.

On November 2, 2018, PRA filed a motion to dismiss the Complaint (the "Motion to Dismiss"). On March 28, 2019, the Court issued a Memorandum Opinion with an accompanying order granting the Motion to Dismiss as to the Debtor's FDCPA allegations, denying PRA's request to dismiss the Rule 3001 violations, and granting the Motion to Dismiss as to the Debtor's request for declaratory and injunctive relief with partial leave to amend. The Court's order preserved the ability of the Court to award fees and costs pursuant to 11 U.S.C. § 105. The Court also ordered that trial of the adversary proceeding be combined with the Claim Objection.

On February 8, 2019, PRA filed a motion in the Debtor's case, Case No. 17-34385-KLP, for an award of Rule 9011 sanctions (the "Sanctions Motion") against the Debtor due to the Debtor's having filed the Claim Objection. The parties did not seek a ruling on the Sanctions Motion until after the entry of a stipulated settlement of the substantive issues of this adversary proceeding. *See infra* pp. 3-4.

On April 10, 2019, the Debtor filed an amended complaint (the "Amended Complaint") seeking more specific declaratory and injunctive relief. PRA answered

the Amended Complaint and, thereafter, sought leave to amend Claim 13-1, utilizing a proof of claim form it contended complied with Rule 3001. The Debtor opposed PRA's request to amend its proof of claim, contending that PRA's revised form for filing its proofs of claim failed to comply with the requirements of Rule 3001.

On July 1, 2019, the Court ruled that PRA's revised proof of claim form complied with Rule 3001(c) as set forth in the Court's earlier decision in *Maddux v. Midland Credit Mgmt., Inc. (In re Maddux)*, 567 B.R. 489 (Bankr. E.D. Va. 2016) (holding that a proof of claim for credit card debt should indicate whether it includes previously accrued interest and fees). On July 2, 2019, PRA filed an amended claim, claim 13-2 ("Claim 13-2"). PRA subsequently filed a motion to strike the class allegations in the Amended Complaint; the Court denied that motion without prejudice. The parties thereafter engaged in settlement discussions.

On October 21, 2019, the Court entered a Stipulation and Consent Order Regarding Debtor's Objection to Claim 13-1 and Amended Complaint (the "Stipulation"). The Stipulation memorializes the parties' settlement of the claims asserted by the Debtor in the Amended Complaint and the Claim Objection and includes the following agreed statements: Claim 13-1 did not comply with Bankruptcy Rule 3001(c)(2)(A) as interpreted in *In re Maddux* and Claim 13-2 contains an itemization of previously accrued interest and/or fees that is in compliance with Rule 3001(c)(2)(A) as interpreted by the Court in its Memorandum Opinion entered on July 1, 2019; PRA agreed that any proofs of claim it files in the

3

Eastern District of Virginia for charged-off credit cards accounts will be substantially in the form of Claim 13-2 or otherwise in compliance with Rule 3001; and, PRA agreed that it will amend (or withdraw) certain other, previously filed proofs of claim as necessary to bring them in compliance with Rule 3001.[1] In addition, the Stipulation provides that "Debtor's counsel may file an application for allowance of fees and/or expenses and the Court may award fees or expenses to the extent appropriate under Rule 3001(c)(2)(D) and/or 11 U.S.C. § 105 after notice and a hearing pursuant to Rule 2002. The Defendant reserves all of its rights to oppose the reasonableness of the fees and expenses requested in any application for allowance of fees and/or expenses."[2] The Stipulation provides that after payment is delivered to Debtor's counsel upon any amounts awarded by the Court on such a fee application, and after the Court rules on the Sanctions Motion, the Debtor will dismiss the Amended Complaint with prejudice, including the Claim Objection.

On November 27, 2019, the Debtor filed Debtor's Counsel's Application for Approval of Attorneys' Fees and Expenses (the "Fee Application") seeking approval of "reasonable compensation for services rendered by his counsel in reviewing and objecting to the claim of Portfolio Recovery Associates, LLC ("PRA") . . . and in pursuing litigation against PRA related to its claim."[3] PRA has objected to the Fee Application. A hearing on the Fee Application and the Sanctions Motion was held on January 16, 2020.

---

[1] PRA also agreed to pay $2250 to the Debtor.
[2] Stipulation, p.4 (Dkt. 66).
[3] Fee Application, p.1 (Dkt. 73). The Fee Application was docketed in both the debtor's main case at Dkt. 66 as well as in this adversary proceeding.

4

## THE FEE APPLICATION

The Debtor's total request for fees and costs amounts to $171,017.10 in fees and $42.00 in expenses. The Fee Application is supported by declarations of counsel and by exhibits containing itemizations of time expended, hourly rates, and expenses incurred. The Debtor declares that the amount requested reflects a voluntary reduction of $16,399.90. The Debtor submits that the amount requested is reasonable and supported by the evidence on the record.

PRA opposes the Fee Application, claiming that no exception to the American Rule, which requires each party to bear its own fees and expenses, is applicable to this case, thus limiting allowable attorney's fees to those that "satisfy the 'causation' requirement of Rule 3001(c)(2)(D)(ii)."[4] PRA also contends that Bankruptcy Code § 105(a) does not provide authority for awarding attorney's fees in this case because the Debtor has failed to demonstrate PRA's bad faith or violation of any court order. PRA further argues that the Debtor's lack of success in connection with its FDCPA claim constitutes grounds for disallowing any fees related to that claim, despite the Debtor's contention that such fees should be allowed because they arise from matters interrelated to the Rule 3001(c) violation.

Alternatively, PRA contends that even if the Court determines that PRA should be sanctioned under Rule 3001(c)(2)(D)(ii), the amount of fees requested is unreasonable when compared to the results obtained. PRA adds that the Debtor's

---

[4] *See* PRA's Objection to Debtor's Counsel's Application for Approval of Attorneys' Fees and Expenses, Dkt. 74 p.3.

rejection of PRA's efforts to resolve issues related to its proof of claim form prior to filing the adversary proceeding should be considered a factor when analyzing the reasonableness of the fee request. Notably, PRA does not challenge the hourly rates or individual time entries as being unreasonable, although it points to an unnecessary duplication of efforts resulting from the Debtor's retention of three separate law firms.

## THE SANCTIONS MOTION

The Sanctions Motion stems from the Claim Objection[5] and asserts, in essence, that the Debtor and counsel for the Debtor should be sanctioned because "Debtor's counsel has crossed the line in seeking to disallow claims such as Claim 13-1 when the Debtor does not legitimately contest the amount, validity or priority of the claim . . . ."[6] PRA seeks an award of its fees and costs in bringing the Sanctions Motion. The Debtor opposes an award of sanctions to PRA, arguing that its objection to Claim 13-1 was valid and pursued "in a manner consistent with the Bankruptcy Code and Rules . . . ."[7]

## JURISDICTION

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(B), and (C). The parties have agreed

---

[5] Case No. 17-34385-KLP, Dkt. 28.
[6] Case No. 17-34385-KLP, Dkt. 48, p.12.
[7] Case No. 17-34385-KLP, Dkt. 50, p.2.

that after ruling upon the Fee Application and the Sanctions Motion, the Court shall retain jurisdiction to enforce the Stipulation.[8]

## ANALYSIS

Judge Huennekens's decision in *Maddux v. Midland Credit Management, LLC (In re Maddux)*, 567 B.R. 489 (Bankr. E.D. Va. 2016), has guided the Court throughout this case and will continue to do so. In *Maddux*, Judge Huennekens rejected the contention that interest on a credit card debt is recapitalized monthly so that the total prepetition balance may be properly identified on a proof of claim as principal. *Id.* at 493. After finding that Midland Credit Management's practice of filing proofs of claim falsely stating that the claim did not include interest was in violation of Rule 3001, the Court awarded attorney's fees to the plaintiffs.

PRA was on notice of this Court's decision in *Maddux*[9] yet continued to file proofs of claim in this District that falsely represented that the claim did not include interest.[10] The Debtor has asserted that "[t]he reason for the case was that Debtor's counsel learned that, when the Boleman Law Firm began filing objections to PRA's improper proofs of claim, Defendant changed its practice for Boleman clients only; although it stopped filing improper proofs of claim for Boleman clients, it continued knowingly filing those improper proofs of claim in all other cases throughout the Eastern District of Virginia in which Boleman did not represent the

---

[8] Dkt. 66, p.4.
[9] Counsel for PRA represented Midland Credit Management in *In re Maddux*. Judge Huennekens' opinion requiring the itemization of interest was issued on December 1, 2016.
[10] In the Stipulation, the parties stated that Claim 13-1 did not comply with Rule 3001(c)(2)(A) as interpreted in *In re Maddux*.

7

debtor."[11] PRA does not dispute this assertion.[12] Instead, PRA has argued that this adversary proceeding was unnecessary because, prior to its filing, it had settled similar claim objections and engaged in settlement discussions with Boleman Law, the law firm representing the Debtor, regarding PRA's intention to implement the use of a revised, compliant proof of claim form.

PRA's belief that Boleman Law, or any law firm representing debtors affected by PRA's claims-filing practice, is the arbiter of what constitutes an acceptable proof of claim form such that PRA could continue to file, or fail to amend, proofs of claim that were clearly contrary to the requirements of *Maddux*, while at the same time attempting to resolve only Boleman Law's objections on a case-by-case basis, is misplaced. PRA was aware of this Court's decision in *Maddux* as early as December 2016 yet chose to continue filing proofs of claim that violated its mandates.[13] This is evident from the following language included in the Stipulation:

> PRA agrees that any proofs of claim it files in the Eastern District of Virginia for charged-off credit card accounts purchased from Capital One will be substantially in the form of Claim 13-2, or otherwise in compliance with Rule 3001 . . .[and as to claims filed by PRA after

---

[11] Dkt. 74, p.4.
[12] The Stipulation includes the following:
   PRA agrees that any proofs of claim it files in the Eastern District of Virginia for charged-off credit cards accounts will be substantially in the form of Claim 13-2 or otherwise in compliance with Rule 3001; and, PRA will amend (or withdraw) certain other, previously filed proofs of claim as necessary to bring them in compliance with Rule 3001.
[13] In a supplemental order, entered on February 16, 2017, Judge Huennekens addressed what would be an acceptable proof of claim in order to comply with Rule 3001(c)(2)(A).

8

> December 12, 2017] PRA agrees to amend such claims as necessary to bring them into compliance with Rule 3001 . . . or voluntarily withdraw any such claims if amendment is not feasible.[14]

That PRA had been previously working with its counsel to develop a revised proof of claim form or to create a means to obtain approval of such a proposed revision does not provide a satisfactory explanation of its behavior, in light of PRA's agreement, as of the date of the Stipulation in October of 2019, to discontinue filing nonconforming proofs of claim and to amend or withdraw previously filed noncompliant proofs of claim. The Court must conclude that PRA filed proofs of claim that it knew were improper under *Maddux*.

In *Maddux*, Judge Huennekens found that the debtors had been harmed and that their recovery of reasonable attorneys' fees and expenses caused by Midland's noncompliance with Bankruptcy Rule 3001(c)(2)(A) was warranted under Bankruptcy Rule 3001(c)(2)(D).[15] Having found that Midland had acted in good faith, and that "[a]dditional sanctions [were] not necessary to deter future noncompliance with Bankruptcy Rule 3001," Judge Huennekens declined to disallow Midland's claims.

Rule 3001 authorizes the Court to sanction the holder of a claim who fails to comply with its provisions by awarding "appropriate relief, including reasonable

---

[14] Stipulation, p.3.
[15] 567 B.R. at 501. *See* Rule 3001(c)(2)(D)(ii) (A court may "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure" of a claimholder to provide information requested under Rule 3001.).

expenses and attorney's fees caused by the failure."[16] PRA has stipulated that its proof of claim did not comply with Bankruptcy Rule 3001(c)(2)(A) as interpreted in *Maddux*. The Court finds that an award of attorney's fees and expenses is the "appropriate" relief, particularly given PRA's violation of the Rule in the aftermath of *Maddux*.[17]

Turning to the amount of attorney's fees and expenses, the amount awarded must be related to PRA's failure to comply with Rule 3001(c). *See Casamatta v. Resurgent Capital Servs., L.P. (In re Freeman-Clay),* 578 B.R. 423, 447 (Bankr. W.D. Mo. 2017). PRA contends that if attorney's fees and expenses are awarded, then amounts incurred in connection with the Debtor's failed FDCPA count must be excluded, since they are not causally connected to PRA's rule violation. The Court concurs.

Under the FDCPA, a successful litigant may be entitled to fees and costs. 15 U.S.C. § 1692k(a)(3). However, on March 28, 2019, the Court entered its order dismissing the Debtor's FDCPA claim. Additionally, the Stipulation provides for no liability under the FDCPA. Because the Debtor's FDCPA claim was unsuccessful,

---

[16] Rule 3001(c)(2)(D); *Maddux*, 567 B.R. at 499.

[17] Alternatively, 11 U.S.C. § 105(a), which authorizes the Court to issue any order, process or judgment necessary or appropriate to carry out the provisions of this title," provides a basis for awarding attorney's fees and expenses in this case. PRA filed the claim at issue with full knowledge of *In re Maddux*'s clear prohibition of the very practice employed by PRA. In light of Rule 3001's explicit authorization to award attorney's fees and expenses, and the agreement to seek only fees and expenses under the Stipulation, the Court need not exercise its authority under § 105(a). *See Casamatta v. Resurgent Capital Services, L.P. (In re Freeman-Clay),* 578 B.R. 423, 447-48 (Bankr. W.D. Mo. 2017) ("Resurgent's conduct fits squarely within the remedies provided in Rule 3001. If Resurgent failed to satisfy the requirements of Rule 3001(c) . . . then the remedies enumerated in Rule 3001(c)(2)(D) apply. . . It is that straightforward.").

10

the Debtor is not entitled to an award of attorney's fees as a "successful litigant" pursuant to § 1692k(a)(3).

The Debtor contends that he should be allowed his attorney's fees and expenses incurred in pursuing the FDCPA claim because it was "reasonable" to pursue the claim. The Debtor also argues that the "interrelatedness of the issues" serves as a basis to allow fees and expenses for unsuccessful claims, in this case the FDCPA claim, that are related to claims successfully pursued, in this instance the Rule 3001(c) violation.[18] The Debtor submits that its voluntary reduction of ten percent of its initial fee request of $164,419.00 is sufficient to address the interrelatedness of the FDCPA claim with the Rule 3001(c) violation and the results obtained, and "to account for any duplication from the work of the three law firms."[19] The Court disagrees. The FDCPA claim was based on the alleged violation of provisions separate and distinct from Rule 3001(c), and the voluntary reduction of ten percent of the initial fee request appears to be an arbitrary number that bears no relationship to the actual amounts attributable to the respective claims. Moreover, the Court rejects the arguments that fees and expenses associated with the FDCPA claim should be allowed because it was reasonable to pursue the claim or the FDCPA issues were interrelated to the Rule 3001 violation.

The successful requests for relief in the Amended Complaint were based on PRA's failure to comply with Rule 3001(c) in the Debtor's and other unnamed

---

[18] See, e.g., *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" (citation omitted)).
[19] Dkt. 73, p.7.

11

debtors' cases. The Stipulation includes a requirement that PRA review proofs of claim filed in cases in which the debtor is not represented by Debtors' counsel and amend the claims, if necessary, to utilize PRA's revised form.[20] Thus, other debtors benefitted from Derby's litigation efforts in connection with the Rule 3001(c) violation.[21] Therefore, the results obtained through the Amended Complaint and Claim Objection provided a benefit greater than the amount received by the Debtor, and an award of fees and expenses should include amounts properly attributable to the Rule 3001 violation. Nevertheless, an appropriate award of fees and expenses necessitates the culling of the amounts attributable solely to the FDCPA claim from the Debtor's application.

PRA has not disputed the Debtor's contention that the Court should follow the lodestar method when determining a reasonable amount of attorney's fees to be allowed. *See Perdue v. Kenny A.*, 559 U.S. 542 (2010). PRA has pointed to none of the "Johnson factors"[22] as providing a basis for a reduction other than the duplication of efforts associated with the Debtor's employment of three separate law firms;[23] otherwise, the applicants have carried their burden of showing that the hourly rates and number of hours are reasonable as to the tasks to which they

---

[20] Dkt. 66, p. 3.
[21] There is no evidence that the failed FDCPA claim was of benefit to anyone, whether party to this litigation or not.
22 *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d. 417 (5th Cir. 1947).
[23] PRA's argument that the amount of fees requested is unreasonably excessive in light of the results obtained or benefit to creditors is tempered by the Court's disapproval of fees and expenses attributable to the FDCPA claim, which will substantially reduce the amount ultimately approved; further, the Court finds that the results obtained merit an award of the fees and expenses attributable to the Rule 3001(c) violation as adjusted in accordance with this Opinion.

relate. The Court finds that once the actual amount of fees and expenses attributable to the Rule 3001(c) violation are distinguished from those fees attributable to the FDCPA claim, a further ten percent downward adjustment is appropriate in order to account for the duplication of efforts attributable to having employed multiple law firms.

Because the Fee Application, as enhanced by Debtor's Counsel's Supplement to Application for Approval of Attorneys' Fees and Expenses,[24] does not sufficiently distinguish fees and expenses associated with the successful Rule 3001 claims from those attributable to the FDCPA claim, the Court is unable to properly review the Fee Application, which is necessary in light of the Court's rejection of the Debtor's proposed ten percent downward adjustment. Accordingly, the Debtor is directed to amend the Fee Application to exclude amounts incurred solely in connection with the FDCPA claim and include only those fees attributable to the Rule 3001(c) violation.

## THE SANCTIONS MOTION

The Stipulation preserves PRA's Sanctions Motion by reciting that it had not been withdrawn and that the parties' resolution contemplates "a ruling" thereon.[25] The Stipulation otherwise resolves the Claim Objection in a manner favorable to the Debtor, along with a number of other similarly situated debtors, and includes PRA's acknowledgement that Claim 13-1 did not comply with Bankruptcy Rule

---

[24] Dkt. 76.
[25] Dkt. 64, pp. 2,4.

13

3001(c)(2)(A) as interpreted by the Court's recent decision in *In re Maddux*.[26] Nevertheless, PRA is requesting an award of sanctions under Rule 9011(b) "sufficient to deter similar conduct by the Debtor, Debtor's counsel, and others similarly situated,"[27] and maintains that "not only was there no need to file the Adversary Proceeding to coerce PRA into compliance with Rule 3001(c), there was no basis for seeking compensation for any harm or loss suffered by other debtors."[28]

Bankruptcy Rule 9011(b), Fed. R. Bankr. P. 9011(b), imposes the following requirements in connection with pleadings and motions: that they not be filed for an improper purpose,[29] that the legal contentions be warranted under the law,[30] and, that the factual allegations be supported by evidence.[31] PRA contends that the Claim Objection was not warranted factually or legally. The Stipulation proves otherwise.

The Court has considered the pleadings and the declarations submitted by the parties and finds no basis for sanctioning the Debtor or his counsel. The Stipulation, under which PRA agreed to alter its practice of filing claims without disclosing the interest component, establishes that the Claim Objection was not improper.[32]

---

[26] Dkt. 64, p. 3.
[27] Reply in Support of Motion for Sanctions Pursuant to Bankruptcy Rule 9011 at P. 7-8 (ECF 52
[28] PRA's Objection to Debtor's Counsel's Application for Approval of Attorneys' Fees and Expenses at P. 28.
[29] Fed. R. Bankr. P. 9011(b)(1).
[30] Fed. R. Bankr. P. 9011(b)(2).
[31] Fed. R. Bankr. P. 9011(b)(3).
[32] In its objection to the Fee Application, PRA describes numerous settlements of similar claim objections involving the same debtors' counsel as a "pattern and practice of settling

CONCLUSION

The Court finds that the Debtor is entitled to reasonable attorney's fees and expenses in connection with PRA's failure to comply with Rule 3001(c). The Debtor will be directed to submit a revised fee application in accordance with this Memorandum Opinion within twenty-one (21) days of the entry of the Order issued simultaneously with this Memorandum Opinion. PRA shall have fourteen (14) days after the filing of the revised fee application to file a response, after which the Court will determine the appropriate amount of attorney's fees and expenses to be awarded.

For the reasons stated in this Memorandum Opinion, the Motion for Sanctions will be denied. An order to this effect will be issued.

Signed: March 31, 2020                    /s/ Keith L. Phillips
                                          United States Bankruptcy Judge

                                          Entered on docket: March 31, 2020

Copies:

Thomas D. Domonoske
Elizabeth Wilson Hanes
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, VA 23601

Mark C. Leffler
Emily Connor Kennedy
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230

---

the claim objections filed by Debtor's Counsel . . . ." Dkt. 72, p.6. One would question why PRA would previously respond to claim objections by offering a settlement if it perceived such objections to be in violation of Rule 9011.

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803

Justin F. Paget
Hunton Andrews Kurth LLP
951 E. Byrd Street
Richmond, VA 23219

Carl M. Bates, Esquire
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA 23218

David Anthony Derby
18277 Democracy Avenue
Ruther Glen, VA 22546